# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| TRAILERS & CONTAINERS USA, INC. *Plaintiff*, v. CNA HOLDINGS, LLC d/b/a CELANESE CORPORATION *Defendant* | CIVIL ACTION NO.: _____ |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 Defendant CNA Holdings, LLC d/b/a Celanese Corporation ("Celanese" or "Defendant") hereby gives notice of the removal of this action, captioned Trailers & Containers USA, Inc. v. CNA Holdings, LLC d/b/a Celanese Corporation (the "State Court Action"), and bearing Cause No. 24-CV-209544-100 pending in the Superior Court Division of the General Court of Justice of Buncombe County, North Carolina. Pursuant to 28 U.S.C. §§ 1332(a)(2) and 1446(a) Defendant provides the following statement of the grounds for removal:

### STATEMENT OF THE CASE

1. On December 12, 2024, Plaintiff Trailers & Containers USA, Inc. ("Plaintiff" or "T&C") filed Plaintiff's Original Petition (the "Petition") commencing the State Court Action against Defendant. The case has been assigned number 24CV209544-100 in Buncombe County Superior Court.

2. In the Petition, Plaintiff alleges the existence of actual damages for alleged breach of contract, conversion, fraud, violation of the North Carolina Unfair or Deceptive Trade Practices Act,

1

and brings a further Request for Claim or Delivery. Petition at ¶¶ 33-70. In broad summary, Plaintiff rented trailers and an EV Truck/charger to Defendant on a month-to-month basis. Petition at ¶¶ 14-17. After Defendant detected overcharges and questionable billing practices, it terminated the rentals and ceased payment. Petition at ¶¶ 18-20. Plaintiff alleges that oral contracts obligate Defendant to pay additional rental fees, and also brings the ancillary claims noted above. Petition at ¶¶ 33-70. Defendant disputes those claims. The amount in controversy exceeds $75,000, as Plaintiffs plead for actual damages in the amount of $425,154.88. Petition at 10.

3. On December 16, 2024, the State Court Action was served on Defendant's registered agent by a process server.

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because this action is between citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2).

5. Plaintiff Trailers & Containers USA, Inc. is a corporation organized and existing under the laws of North Carolina, with its headquarters and principal place of business in Buncombe County, North Carolina, at 124 Sondley Parkway, Asheville, North Carolina. (Petition at ¶1).

6. Defendant CNA Holdings LLC is a Delaware limited liability company; it is wholly owned by its sole member, Celanese Americas LLC. Celanese Americas LLC is likewise a Delaware limited liability company; it is wholly owned by its sole member, Celanese US Holdings LLC. Celanese US Holdings, LLC is likewise a Delaware limited liability company; it is wholly owned by its sole member, Celanese Corporation. Celanese Corporation is a corporation organized and existing under the laws of the State of Delaware, with its headquarters, executive offices and personnel, and principal place of business in Irving, Texas.

2

7. Therefore, Defendant is a citizen of Delaware and Texas. "[A] corporation . . . 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....'" *Cent. W. Va. Energy Co. v. Mountain State Carbon*, 636 F.3d 101, 103 (4th Cir. 2011), *quoting* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location where its high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1186 (2010). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State Carbon*, 636 F.3d at 103. "When members are LLCs themselves, the citizenship issues must be traced through until one reaches only individuals and/or corporations." *Ospina v. Hord Services, Inc.*, 1:22-cv-00122-MR-WCM, 2022 WL 18401012, *1 (W.D.N.C. Dec. 20, 2022), *citing Jennings v. HCR ManorCare, Inc.*, 901 F.Supp.2d 649, 651 (D.S.C. 2012). Here, therefore, CNA Holdings has the citizenship of Celanese Corporation, and is therefore a citizen of the States of Texas and Delaware.

8. Accordingly, the District Court has original jurisdiction over this matter because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(2) and 1332(c)(1).

9. This Notice is filed within thirty (30) days of service of the Complaint and summons in the State Court Action and is, therefore, timely under 28 U.S.C. § 1446(b). Pursuant to Local Civil Rule 16.1(d) & (e), the issues in this case have not joined because no final answer to the Complaint in the State Court Action has been filed and the time for doing so has not expired.

**VENUE**

10. Venue is proper in the United States District Court for the Western District of North Carolina, Asheville Division because the General Court of Justice, Superior Court Division of Buncombe County, North Carolina where the Complaint was filed is a state court within the Western District of North Carolina, Asheville Division. 28 U.S.C. §§ 113(c), 1446(a).

3

## DOCUMENTS SUBMITTED WITH THIS NOTICE OF REMOVAL

11. Pursuant to 28 U.S.C § 1446 and Local Civil Rule 73.1 the following documents are attached hereto as **Appendix A** to this Notice of Removal: all process served on Defendant, all pleadings and documents filed in the State Court Action and served upon Defendant, and all orders signed by the state judge in the State Court Action and served upon Defendant.

12. A copy of Defendant's Notice of Filing Notice of Removal directed to the state court and Plaintiff is attached hereto as **Appendix B**. The Notice will be promptly filed with the state court and served upon Plaintiff after filing of this Notice consistent with 28 U.S.C. § 1446(d). Pursuant to Local Rule 73.1, Defendant shall also serve upon counsel for Plaintiff the Case Assignment Notice, a blank copy of the "Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction" form, and a blank copy of the "Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge" form along with this notice of removal and its appendices.

WHEREFORE, Defendant respectfully requests that the State Court Action be removed to the United States District Court for the Western District of North Carolina, Asheville Division.

Respectfully submitted,

**Duane Morris, LLP**

By: /s/ *Craig M. Warner*

Craig M. Warner
North Carolina Bar No. 32983
CMWarner@duanemorris.com
100 Crescent Court, Suite 1200
Dallas, Texas 75201-2469
214-257-7277 (P)
214-853-4220 (F)

**ATTORNEY FOR CNA HOLDINGS, LLC d/b/a CELANESE CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument and all attachments thereto was served by delivering the same to the person listed below in the manner and on the date indicated.

> George Hyler & Stephen Agan
> Hyler & Again PLLC
> 38 Orange Street
> Asheville, NC 28801
> george@hylerandagan.com
> steve@hyler@agan.com
> **COUNSEL OF RECORD FOR PLAINTIFF TRAILERS AND CONTAINERS USA, INC.**

VIA Certified Mail (RRR) and E-MAIL
DATED this the 13th of January, 2025.
*/s/ Craig M. Warner*
Craig M. Warner